**LAW OFFICES JOHN R. TATULLI**
**John R. Tatulli, Esq. (041462004)**
**621 Shrewsbury Avenue, Suite 109**
**Shrewsbury, New Jersey 07702**
**Ph. 732.842.4646**
**Attorney for Plaintiff**

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW YORK SOUTHERN DISTRICT

| | |
|---|---|
| PATRICIA WOODSON, | Complaint for Employment Discrimination |
| Plaintiff, | |
| vs. | Case No. |
| FULLBEAUTY BRANDS, XYZ CORPORATIONS, and JOHN DOES 1-10, Defendants. | **Jury Trial Demanded** |

### Parties to This Complaint

1.      Plaintiff, Patricia Woodson, is a citizen of the United States with an address of 795 County Road 1, Lot 42, Palm Harbor, Florida 34683.

2.      At all times relevant, Defendant FullBeauty Brands is located at One New York Plaza, in the City of New York, County of New York, and State of New York.

3.      Defendants XYZ Corporations and John Does 1-10 are fictitious names of unknown corporations, business associations, and individuals.

**Jurisdiction**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. **§§** 1331, 1332 and 1343 due to the diversity jurisdiction and federal questions presented regarding the depravation of Plaintiff's rights under 42 U.S.C. § 12101, 29 U.S.C. § 621**,**  42 U.S.C. **§**

2000e, et seq. The Court has supplemental jurisdiction over Plaintiff's related claims arising under city law pursuant to 28 U.S.C. § 1367(a).

## Venue

5.      The United States District Court for the District of New York Southern District is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391 (b) in that a substantial part of the events or omissions giving rise to Plaintiff's claims, including the unlawful employment practices alleged herein, occurred in this judicial district.

## Structure of Complaint

6.      Each cause of action asserted in this complaint is in addition, and in the alternative, to every other cause of action asserted.

7.       Every fact, paragraph and allegation set forth in this complaint is incorporated by reference in each and every cause of action and count asserted in this complaint.

## Relevant Facts

8.      Plaintiff Patricia Woodson was working as the Vice President of Merchandising at FullBeauty Brands for many years.

9.      She worked in some capacity at FullBeauty Brands for more than twenty years.

10.     In January 2017, Ms. Woodson suffered a stroke that required several months of rehabilitation.

11.     Ms. Woodson was an exemplary employee, managing a staff of ten employees, frequently complimented by supervisors, co-workers, and managers.

12.     Plaintiff never had any disciplinary issues or policy violations during her entire career at FullBeauty Brands.

13.     As she always exceeded her work performance expectations, she was promoted to Vice President several years ago to supervise all the merchandising employees.

14.     Ms. Woodson was terminated from her position while she was out recuperating from her stroke.

15.     Prior to her massive stroke, Plaintiff was harassed and pressured to fire another employee for which the company had no basis to terminate the employee. Corporate executives forced Plaintiff to terminate the employee and this caused Plaintiff extreme distress, mental anguish and ultimately led to her stroke in January 2017.

16.     The underlying causes of Ms. Woodson's stroke was the duress, harassment and anguish she suffered from her work environment.

17.     The company wanted to fire an employee and forced Ms. Woodson to do it. This caused her a massive amount of stress, anxiety and fear for retaliation.

18.     Ms. Woodson wanted to return to work after her stroke in 2017. However, the company fired her due to her disability and her age. Ms. Woodson's age was also a factor in the decision of the company to fire her and replace her with someone significantly younger.


### **COUNT ONE**

**(Disability Discrimination in violation of the American Disabilities Act Title II pursuant to 42 U.S.C. § 12101 et seq. )**

19.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

20.     Defendants engaged in discriminatory and abusive practices against Plaintiff on the basis of her disability.

21.     Plaintiff is a member of a protected class under the American Disabilities Act (ADA)

3

Subpart C §35.140.

22.     Defendants' actions violate the ADA in that they occurred because of her physical disability as a result of the stroke she suffered due to the harassment and abuse she suffered at her employer.

23.     Because of Defendants' actions, Plaintiff did suffer great emotional pain, suffering, distress, and humiliation.

24.     As a direct and proximate result of FullBeauty Brands' unlawful discriminatory conduct in violation of the American Disabilities Act, Plaintiff has suffered, and continues to suffer, monetary harm including, but not limited to, lost wages, employment opportunities, and other pecuniary damages including, but not limited to, attorneys' fees, for which she is entitled to damages.

25.     As a direct and proximate result of FullBeauty Brands' unlawful discriminatory and retaliatory conduct in violation of the American Disabilities Act, Plaintiff has suffered, and continues to suffer, emotional distress, for which he is entitled to an award of compensatory damages.

26.     FullBeauty Brands' unlawful discriminatory and retaliatory conduct was intentional, willful, wanton, and malicious for which Plaintiff is entitled to punitive damages.

## COUNT TWO

### (Discrimination in violation of the Age Discrimination
### in Employment Act of 1967 pursuant to 29 U.S.C. § 621 et seq.)

27.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

28.    Defendants engaged in discriminatory and abusive practices against Plaintiff on the basis of her age.

29.    Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967 (ADEA).

30.    Defendants' actions violate the ADEA in that they occurred because of her age.

31.    Because of Defendants' actions, Plaintiff did suffer great emotional pain, suffering, distress, and humiliation.

32.     As a direct and proximate result of FullBeauty Brands' unlawful discriminatory conduct in violation of the Age Discrimination in Employment Act of 1967, Plaintiff has suffered, and continues to suffer, monetary harm including, but not limited to, lost wages, employment opportunities, and other pecuniary damages including, but not limited to, attorneys' fees, for which she is entitled to damages.

33.    As a direct and proximate result of FullBeauty Brands' unlawful discriminatory and retaliatory conduct in violation of the ADEA, Plaintiff has suffered, and continues to suffer, emotional distress, for which he is entitled to an award of compensatory damages.

34.    FullBeauty Brands' unlawful discriminatory and retaliatory conduct was intentional, willful, wanton, and malicious for which Plaintiff is entitled to punitive damages.

## **COUNT THREE**

**(Gender Discrimination in violation of Title VII of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 2000e et seq.)**

35.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

36.     Defendants engaged in discriminatory and abusive practices against Plaintiff on the basis of her gender.

37.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964 (Title VII).

38.     Defendants' actions violate Title VII in that they occurred because of her gender.

39.     Because of Defendants' actions, Plaintiff did suffer great emotional pain, suffering, distress, and humiliation.

40.      As a direct and proximate result of FullBeauty Brands' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary harm including, but not limited to, lost wages, employment opportunities, and other pecuniary damages including, but not limited to, attorneys' fees, for which she is entitled to damages.

41.     As a direct and proximate result of FullBeauty Brands' unlawful discriminatory and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, emotional distress, for which he is entitled to an award of compensatory damages.

42.     FullBeauty Brands' unlawful discriminatory and retaliatory conduct was intentional, willful, wanton, and malicious for which Plaintiff is entitled to punitive damages.

## COUNT FOUR

**(Discrimination in violation of The New York City Human Rights Law
Administrative Code of the City of New York Title 8)**

43.     Plaintiff repeats and realleges each and every allegation contained in the above
paragraphs of the Complaint as if fully set forth at length herein.

44.     Defendants engaged in discriminatory and abusive practices against Plaintiff on
the basis of her disability, age, and gender.

45.     Plaintiff is a member of a protected class under The New York City Human Rights
Law Administrative Code of the City of New York Title8 (Title 8).

46.     Defendants' actions violate Title 8 in that they occurred because of her
disability, age, and gender.

47.     Because of Defendants' actions, Plaintiff did suffer great emotional pain,
suffering, distress, and humiliation.

48.      As a direct and proximate result of FullBeauty Brands' unlawful discriminatory
conduct in violation of Title 8, Plaintiff has suffered, and continues to suffer, monetary harm
including, but not limited to, lost wages, employment opportunities, and other pecuniary
damages including, but not limited to, attorneys' fees, for which she is entitled to damages.

49.     As a direct and proximate result of FullBeauty Brands' unlawful discriminatory
and retaliatory conduct in violation of Title 8, Plaintiff has suffered, and continues to suffer,
emotional distress, for which he is entitled to an award of compensatory damages.

50.     FullBeauty Brands' unlawful discriminatory and retaliatory conduct was
intentional, willful, wanton, and malicious for which Plaintiff is entitled to punitive
damages,.and retaliatory conduct in violation of Title 8, Plaintiff has suffered, and continues
to suffer, emotional distress, for which he is entitled to an award of compensatory damages.

51.     FullBeauty Brands' unlawful discriminatory and retaliatory conduct was intentional, willful, wanton, and malicious for which Plaintiff is entitled to punitive damages.

**COUNT FIVE**
**(Retaliation under the NYCHRL)**

52.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

53.     Defendant has retaliated against Plaintiff because the company abused, harassed and discriminated against Plaintiff by forcing her to fire an employee that should not have been fired. The company also terminated Plaintiff's employment in light of the stroke caused by the trauma she suffered as a result of the company's actions.

54.     As a direct and proximate result of FullBeauty Brands' unlawful discriminatory and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, emotional distress, for which he is entitled to an award of compensatory damages.

50.     FullBeauty Brands' unlawful discriminatory and retaliatory conduct was intentional, willful, wanton, and malicious for which Plaintiff is entitled to punitive damages,.and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, emotional distress, for which he is entitled to an award of compensatory damages.

51.     FullBeauty Brands' unlawful discriminatory and retaliatory conduct was intentional, willful, wanton, and malicious for which Plaintiff is entitled to punitive damages.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff prays for judgment and relief as follows:

(a)     For Count I, awarding Plaintiff actual damages and punitive damages, in a sum which is not yet known but will be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

(b)     For Count II, awarding Plaintiff actual damages and punitive damages, in a sum which is not yet known but will be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

(c)     For Count III, awarding Plaintiff actual damages and punitive damages, in a sum which is not yet known but will be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

(d)     For Count IV, awarding Plaintiff actual damages and punitive damages, in a sum which is not yet known but will be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

(e)     For Count V, awarding Plaintiff actual damages and punitive damages, in a sum which is not yet known but will be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

(f) Awarding Plaintiff's counsel reasonable attorneys' fees and costs; and

(g) Granting such other and further relief as the Court deems just and proper.

**Demand for Trial by Jury**

**Plaintiff demands a trial by jury of all issues so triable.**

Dated:  August 20, 2020

**LAW OFFICES OF JOHN R. TATULLI**

*s/John R. Tatulli*

JOHN R. TATULLI  (*pro hac vice pending*)
Attorney for Plaintiff
NJ Attorney ID 041462004
621 Shrewsbury Avenue, Suite 109
Shrewsbury NJ 07702
732.842.4646
john@tatullilaw.com