**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA WOODSON,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**FULLBEAUTY BRANDS, XYZ CORPORTATIONS, and JOHN DOES 1–10,**<br><br>    **Defendants.** | Civ. No. 20-11117 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This is an employment discrimination case against New York-based FullBeauty Brands. The plaintiff, Patricia Woodson, moves to transfer the case to the United States District Court for the Southern District of New York ("SDNY"). (DE 6.)[1] FullBeauty has not yet been served, so there is no opposition. For the following reasons, the motion is **GRANTED**.

## I.   DISCUSSION

Woodson worked as an executive in FullBeauty's New York office until she was terminated after a stroke, which in turn was brought on by workplace harassment. (Compl. ¶¶ 8–18.) She sued FullBeauty in this Court, alleging claims under the (1) Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (2) Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (3) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; (4) New York City Human Rights Law, N.Y. City Admin. Code § 8-101 *et seq.* (Compl. ¶¶ 19–51.) Curiously, the

---

[1]   Certain citation to the record will be abbreviated as follows:

   DE = docket entry

   Compl. = Complaint (DE 1)

   Mot. = Woodson's Brief in Support of her Motion to Transfer (DE 6-1)

   Tatulli Decl. = Declaration of John R. Tatulli (DE 6-2)

Complaint is titled as a pleading in SDNY, alleges that Woodson is a Florida citizen, and states that venue is proper in SDNY. (*Id.* ¶¶ 1, 5.) There is no mention of New Jersey (other than as the location of counsel's office).

Regardless, Woodson now claims that she was a resident of New Jersey at the time the Complaint was filed but has since moved to Florida. (Mot. at 1; Tatulli Decl. ¶ 6.) So she moves to transfer venue to SDNY, since New Jersey no longer has connection to the case. (*Id.*)

It is clear from the face of the Complaint that New Jersey never had a connection to this case, *i.e.*, that this Court never had personal jurisdiction. In such a case, the Court may, "if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought." 28 U.S.C. § 1631; *see Kim v. Korean Air Lines Co.*, --- F. Supp. 3d ----, ----, Civ. No. 20-03636, 2021 WL 129083, at *5 & n.3 (D.N.J. Jan. 14, 2021) (explaining when § 1631 is applicable). Before doing so, I must determine (1) whether the transferee court would have personal jurisdiction, and (2) whether a transfer is in the interests of justice. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 107, 110 (3d Cir. 2009).

On the first prong, to determine whether New York would have personal jurisdiction, I apply the law of the forum. *Id.* at 107. Woodson need only make out a prima facie case for jurisdiction, a burden that is "light." *Id.* at 109–10 (citation omitted). In the Second Circuit, plaintiffs "must have a state-law statutory basis for jurisdiction and demonstrate that the exercise of personal jurisdiction comports with due process." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018).

The New York statutory basis would be § 302(a)(1) of New York's Civil Practice Law, which provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." N.Y. C.P.L.R. § 302(a)(1). Section 302(a)(1) requires that "(1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades*

2

*v. Kennedy, PC Law Off.*, 799 F.3d 161, 168 (2d Cir. 2015) (citation omitted). The Complaint asserts that FullBeauty is based in New York, and all Woodson's claims arise from working in the New York office, so the statutory basis for jurisdiction is clear.

For the due-process inquiry, a court may constitutionally exercise jurisdiction over a defendant that is "at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A corporation is "at home" where it has its principal place of business. *Id.* FullBeauty has its principal place of business in New York (Compl. ¶ 4), so SDNY would have general jurisdiction over FullBeauty. Regardless, the claims arise out of Woodson's employment in the New York office, so SDNY would also have specific jurisdiction. *In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019).

Given that plaintiff could readily have brought this case in SDNY in the first place, and defendant has not even been served, I find a transfer is in the interests of justice. This determination is left to the court's discretion. *Kim*, 2021 WL 129083, at *9. When jurisdiction is clearly available in another court, as here, "[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Id.* (citation omitted). It seems that litigation in New York would be more convenient for FullBeauty, as it is located there, and Woodson herself would now prefer to litigate in New York.

## II. CONCLUSION

For the reasons set forth above, the motion to transfer is granted. The case will be transferred to the United States District Court for the Southern District of New York.

A separate order will issue.

Dated: March 31, 2021

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**